IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–02095–PAB–KMT

ERIC JOHNSON,

      Plaintiff,

v.

DEPARTMENT OF PUBLIC WORKS, SOLID WASTE MANAGEMENT,
CITY AND COUNTY OF DENVER, a municipal corporation,
KATHY BILLINGS, individually and in her representative capacity,
MIKE LUTZ individually,
LARS WILLIAMS, individually,
CHARLOTTE PITT, individually, and
RICHARD VILLA, individually,

      Defendants.

---

## ORDER

---

This matter is before the court on "Plaintiff's Motion to Stay Discovery and Amend Scheduling Order" (Doc. No. 37 [Mot.], filed March 17, 2015). Defendants file their response on March 24, 2015 (Doc. No. 40 [Resp.]), and Plaintiff filed his reply on March 26, 2015 (Doc. No. 41 [Reply]).

In his Motion, Plaintiff seeks to stay discovery until District Judge Philip A. Brimmer rules on Defendants' Motion to Dismiss (Doc. No. 35) and to amend the Scheduling Order (Doc. No. 13) to extend the discovery cutoff and other pretrial deadlines. (*See* Mot.) The motion is opposed. (*See* Resp.)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion.  *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."  *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)).  In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule.  As a result, stays of all discovery are generally disfavored in this District.  *Chavez v. Young Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident,* 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Plaintiff states he has an interest in proceeding expeditiously with this matter "but is unwilling to forego discovery to do so." (Mot. at 5, ¶ 2.) This statement is inconsistent with the relief Plaintiff seeks, and Plaintiff has failed to address how he will be prejudiced if he is required to proceed with discovery. Moreover, even if Defendants' Motion to Dismiss is granted, it will not eliminate any defendants or allegations from the case. (*See* Doc. No. 35.)

Rather, the individual Defendants' move to dismiss the second cause of action for Race Discrimination in violation of 42 U.S.C. §§ 1981 and 1981a because §§ 1981 and 1981a do not provide a cause of action for race discrimination against public entities and because the second claim for relief is redundant in light of the third claim for relief under § 1983. (*See id.*)  Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss.  This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117-REB-KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

Finally, neither the interests of nonparties nor the public interest in general prompts the court to reach a different result.  Indeed, the public interest favors the prompt and efficient handling of all litigation.  *Sanaah,* 2009 WL 980383, at *1.  Accordingly, on balance, the court finds that a stay of this case is unwarranted.

Nevertheless, the court finds the Plaintiff has stated good cause, pursuant to Fed. R. Civ. P. 16(b)(4), to extend some of the deadlines, due to the recent filing of the Amended Complaint (Doc. No. 31), and because the court finds there is no prejudice to the defendants, some of whom have not answered the Amended Complaint.  The following deadlines are extended:

| | |
|---|---|
| Last day to propound written discovery | June 3, 2015 |
| Discovery Cutoff | July 6, 2015 |
| Dispositive Motions | August 6, 2015 |
| Telephonic Final Pretrial Conference | October 6, 2015, at 9:30 a.m. |
| Proposed Final Pretrial Order | September 29, 2015 |

The deadline for disclosure of affirmative experts, which was March 2, 2015 (*see* Doc. Nos. 12 and 13), will not be extended for Plaintiff's failure specifically to ask for an extension of this deadline and for his failure to file the motion for extension three business days before the deadline.  (*See* Judge Philip A. Brimmer's Practice Standards (Civil cases), § I.G.)

Therefore, for the foregoing reasons, it is

**ORDERED** that "Plaintiff's Motion to Stay Discovery and Amend Scheduling Order" is **GRANTED in part and DENIED in part**, as set forth above.

Dated this 6th day of April, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge